IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| In re: LAI KIM HA<br>aka LAI K HA,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>) | Chapter 7<br><br>Bankr. No. 20-72124-PWB |
| NATIONWIDE<br>JUDGMENT RECOVERY,<br>INC.<br><br>Plaintiff,<br><br>vs.<br><br>LAI KIM HA<br>aka LAI K HA<br>aka LAIHA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary No. 21-05027 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DISCHARGEABILITY OF CERTAIN DEBT

COMES NOW Defendant Lai Kim Ha (the "Defendant"), by and through her attorney, Hoang T. Nguyen, files this, his responses to Plaintiff's Motion for Summary Judgment As to Dischargeability of Certain Debt, and in support of the same, shows the honorable Court the following:

Generally, under Federal Law, in order to prevail on a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact with respect to the claims or defenses asserted and that as a result, the moving party is entitled to judgment in his/her/its favor.

Federal Rule of Civil Procedure 56, made applicable to bankruptcy practice by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate when the evidence of record reflects no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. Rule 56(c). In analyzing a motion for summary judgment, the Court must view all the evidence and factual inferences drawn therefrom in a light most favorable to the nonmoving party. See Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir.1997).

It should be noted that motions for summary judgment are motions to determine the merits of a claim or defense. As such, an order granting such a motion often constitutes a final judgment on the merits of the claim and if the Court has essentially determined that there exists at least one factual dispute of a material nature that must be decided by the court then the court must deny Motion for Summary Judgment.

When a motion for summary judgment is made and supported by documents, affidavits and or deposition testimony, an adverse party may not rely upon the allegations or denials of her pleadings. Instead, the defendant must provide evidence that creates at least a prima facie case. In other words, the Plaintiff must provide evidence that reflects a genuine issue of material fact which must be decided by a Court.

In this case, defendant submit her affidavit, (**EXHIBIT A**) under oath, stating that she had lost $10,000 of her money investing into ZeekRewards Ponzi scheme. She did not defraud anyone nor help promote the Ponzi scheme for ZeekRewards. She also an illiterate person who could not read nor write so she only relied on other people to help her understand the investment.

Attached herein is DEFENDANT'S RESPONSIVE BRIEF IN OPPOSION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT. **(EXHIBIT B)**

WHEREFORE, Defendant respectfully requests that the following:

(a) That Plaintiff's Motion for Summary Judgment reliefs are denied;

(b) That Defendant's case to be proceeded with a trial;

(c) That Defendant be awarded reasonable attorney's fees and all court cost against plaintiff as may be proper; and

(d) Any and all other relief as the Honorable Court may deem appropriate.


Respectfully submitted,

Dated: June 3, 2022



/s/ *Hoang Nguyen*
Hoang Nguyen, GA Bar 542548
Law Office of Hoang Nguyen

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| In re: **LAI KIM HA** aka **LAI K HA**, <br><br> Debtor. | ) ) ) ) ) ) | Chapter 7 <br><br> Bankr. No. 20-72124-PWB |
| **NATIONWIDE JUDGMENT RECOVERY, INC.** <br><br> Plaintiff, <br><br> vs. <br><br> **LAI KIM HA** aka **LAI K HA** aka **LAIHA**, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary No. 21-05027 |

**AFFIDAVIT OF DENDANT IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DISCHARGEABILITY OF CERTAIN DEBT**

Personally appeared before the undersigned officer duly authorized to administer oaths in this state, came, Lai Kim Ha, who having been duly sworn, deposes and states as follows:

1.

I am Lai Kim Ha. I am of legal age, under no legal disability and make this affidavit based upon my personal knowledge of the facts and I authorize its use for any and all purposes allowed by Bankruptcy law.

2.

I am the Defendant in the above referenced action. I was a resident of Gwinnett County, State of Georgia and filed my bankruptcy case in 2020.

3.

I did not know how to write and read English and I speak English a little bit for daily activities.

4.

I was putting money in ZeekRewards trying to earn money as told by my friends since I was uneducated and illiterate person.

5.

I did not get any money or receive and any money from ZeekRewards so I could be not be in the "Net Winner Class" certified by the Court.

6.

I lost about $10,000 of my own money into this ZeekRewards Pozi scheme.

7.

I could not defraud anyone since I could not do it.

8.

I had no intention to defraud anyone because I had no ability to understand the Ponzi scheme of ZeekRewards nor I could help ZeekRewards in furtherance of the ZeekRewards Ponzi scheme.

9.

I lost about $10,000 of my own money investing into this ZeekRewards Pozi scheme.

10.

That I shall show affirmatively that I am competent to testify about all of the matters addressed in the affidavit.

11.

I am verified that the foregoing statements are true and correct under the penalty of the perjury law of the State of Georgia.

_____
LAI KIM HA

Sworn to and subscribed before me
this _3_ day of _June_, 2022

_____
NOTARY PUBLIC

[Notary Seal: HOANG NGUYEN, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, MY COMMISSION EXPIRES AUGUST 17, 2024]

3

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| In re:   LAI KIM HA<br>aka LAI K HA,<br><br>Debtor. | ) ) ) ) ) ) | Chapter 7<br><br>Bankr. No. 20-72124-PWB |
| NATIONWIDE<br>JUDGMENT RECOVERY,<br>INC.<br><br>Plaintiff,<br><br>vs.<br><br>LAI KIM HA<br>aka LAI K HA<br>aka LAIHA,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary No. 21-05027 |

**DEFENDANT'S RESPONSIVE BRIEF IN OPPOSION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DISCHARGEABILITY OF CERTAIN DEBT AGAINST DEFENDANT**

COMES NOW Defendant Lai Kim Ha ("Defendant"), by and through her attorney, Hoang T. Nguyen, files this, her responses in opposition to Defendant's Motion For Summary Judgment As To Dischargeability Of Certain Debt Against Defendant, and in support of the same, shows the honorable Court the following:

I. SUMMARY OF FACTS

Defendant had invested into ZeekRewards Ponzi scheme through advice of her Vietnamese friends since she was an illiterate person who could not write and read English. She

also lost $10,000 of her own money in the scheme and did not receive any profit from it. She could not know this investment was a Ponzi scheme nor she was capable of defrauding anyone. After knowing this was Ponzi scheme and being demanded to pay the profit back by the receiver, she filed for bankruptcy to have the debt discharged.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56, made applicable to bankruptcy practice by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate when the evidence of record reflects no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. Rule 56(c). In analyzing a motion for summary judgment, the Court must view all the evidence and factual inferences drawn therefrom in a light most favorable to the nonmoving party. See Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir.1997).

It should be noted that motions for summary judgment are motions to determine the merits of a claim or defense. As such, an order granting such a motion often constitutes a final judgment on the merits of the claim and if the Court has essentially determined that there exists at least one factual dispute of a material nature that must be decided by the court then the court must deny Motion for Summary Judgment.

When a motion for summary judgment is made and supported by documents, affidavits and or deposition testimony, an adverse party may not rely upon the allegations or denials of her pleadings. Instead, the defendant must provide evidence that creates at least a prima facie case. In other words, the Plaintiff must provide evidence that reflects a genuine issue of material fact which must be decided by a Court.

## II. LAW AND AGREMENT

The court should grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The initial burden is on the party moving for summary judgment. After the movant has established a *prima facie* case, however, the burden shifts to the opposing party, who may no longer rest on the pleadings, but rather must now point to specific facts showing that there is a genuine issue for trial. A plaintiff may prevail on summary judgment without presenting any evidence, by pointing to specific facts in the record or deficiencies in the defendant's answer or document showing that there is no genuine issue of material fact as to any of the plaintiff's claims.

The federal law provides the means of seeking summary adjudication of the merits of a lawsuit through the filing of a motion for summary judgment. Generally, in order to prevail on a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact with respect to the claims or defenses asserted and that as a result, the moving party is entitled to judgment in his/her/its favor.

Plaintiff can be entitled to summary judgment if it can establish that the defendant is unable to provide sufficient evidence to support at least one essential element of its answering.

In this case, Defendant had invested into ZeekRewards Ponzi scheme through advice of her Vietnamese friends since she was an illiterate person who could not write and read English. She did not understand how the Ponzi scheme works, defendant only knew that if she invest money with ZeekRewards, she will receive profits, however, she did not make any money she also lost $10,000 of her own money in the scheme and did not receive any profit from it. She could not know this investment was a Ponzi scheme nor she was capable of defrauding anyone.

It should be noted that motions for summary judgment are motions to determine the merits of a claim or defense. As such, an order granting such a motion often constitutes a final judgment on the merits of the claim. When denied, the motion does not result in any prejudice to a litigant's legal or factual position at trial. Instead, the Court has essentially determined that there exists at least one factual dispute of a material nature that must be decided by the court.

In this case defendant had provided her sworn affidavit (**EXHIBIT A**) showing she did not make any money but losing her $10,000 of her own money into this scheme.

### III. CONCLUSION

This is not a case which the Court should decide on Motion alone. There is evidence showing defendant was also a VICTIM in the Ponze scheme carried out ZeekRewards. Defendant should not be punished for the action by ZeekRewards which had defraud many other victims. Therefore, defendant asks that the Court deny Plaintiff's Motion for Summary Judgment and allow this case to go to trial.

This the 3rd day of June, 2022.

Respectfully submitted,

By: /s/ Hoang Nguyen

Hoang Nguyen
GA Bar # 542548
Attorney for Plaintiff

Law Office of Hoang Nguyen
3802 Satellite Blvd. Suite 202
Duluth, GA 30096
Tel:   (770) 454-4088
Fax:   (770) 454-4089
Email: thehoang@yahoo.com